### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No. 1:13CR00036** |
| ) | |
| **THOMAS JOHN DULL** ) | |

### SENTENCING MEMORANDUM

The Defendant is before the Court today having pled guilty to the lesser included charge of Count One of a multi-defendant, multi-count Indictment for Conspiracy to Distribute cocaine base and cocaine.  The Defendant's statutory range is not more than 20 years of imprisonment and a $1,000,000.00 fine.  The Defendant's charges and case history are all set forth in Paragraphs 1-38 of the Presentence Report and will not be restated here.

The Defendant's guideline range is Level 27 and criminal history category IV, resulting in a range of 100-125 months.

Section 3553(a) provides that a court shall impose a sentence "sufficient, but not greater than necessary," to comport with the goals of criminal justice, and, to that end, the section enumerates factors for the court to consider during sentencing.  These factors include "the seriousness of the offense," the provision of "just punishment for the offense," the protection of the public, and the need to provide adequate restitution to the victims.  These sentencing factors provide the district court with a much broader range of discretionary decision making than the discretion provided by the sentencing guidelines.

The Defendant readily admits that the crime committed was a serious offense.

The call for "just punishment for the offense" can be met with a sentence of 37

months.

A sentence of 37 months will satisfy the requirement that the public be protected from the actions of the Defendant.

Restitution is inapplicable in this case.

The United States Sentencing Commission has proposed an amendment to the Federal Sentencing Guidelines to reduce the drug guidelines by 2 levels, which in this case would lower the guidelines from 100-123 months to 84-105 months. In support of this proposed amendment, the Commission is emphasizing for the first time that it "must ensure that the sentencing guidelines are formulated to minimize the likelihood that the Federal prison population will exceed the capacity of the Federal prisons." USSC Proposed Amendment, Issue for Comment at 2. "Thus, '[p]ursuant to 28 U.S.C. § 994(g), the Commission intends to consider the issue of reducing costs of incarceration and overcapacity of prisons.'" *Id*. (quoting 78 Fed. Reg. 51820 (Aug. 21, 2013).

Second, the Sentencing Commission acknowledges for the first time since 1995 that it added 2 levels above what was necessary to meet the two mandatory minimum levels in order to promote prosecutorial interest in inducing defendants to plead guilty or cooperate: "The base offense levels are set at guideline ranges slightly higher than the mandatory minimum levels to permit some downward adjustment for defendants who plead guilty or otherwise cooperate with authorities. *Id*. at 2 (quoting U.S. Sent'g Comm'n, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (February 1995) at 148.

In other words, the proposed amendment would simply undo the 2 levels the Commission added with no basis in the purposes of sentencing, and that was not even

necessary to implement its misguided decision to tie the guidelines to mandatory minimums across 17 quantity levels or its desire to avoid "sentencing cliffs." This not only indicates that the Commission will promulgate the amendment, but the fact that these 2 levels never served any legitimate or quasi-legitimate purpose supports the granting of a variance. *See also United States v. Diaz*, 2013 WL 322243 (Ed NY) (Gleeson, J.) ("The Commission should 'de-link' the drug trafficking Guidelines ranges from the ADAA's weight-driven mandatory minimum sentences and use its resources, knowledge, and expertise to fashion fair sentencing ranges for drug trafficking offenses.") (giving very little weight to the guideline ranges in drug trafficking cases unless the Commission lowers the ranges by a third).

The Sentencing Commission also recently reminded Congress that in a study it conducted in 2011, it found that only 30.4% of defendants released early under crack recidivated (defined broadly to include any supervised release violation) within two years, while 32.6% of defendants who served their full sentences recidivated within two years. Thus, "some reduction in the sentences of drug offenders would not lead to increased recidivism and crime." *See* Statement of Judge Patti B. Saris, Chair, United States Sentencing Commission, for the hearing on "Reevaluating the Effectiveness of Federal Mandatory Minimum Sentences" Before the Committee on Judiciary, United States Senate, Sept. 18, 2013 [Commission Testimony] at 6-7.

Congress has shown little inclination to disrupt the implementation of the proposed amendments. This, however, does not address the continuing and inexcusable discrepancy between crack cocaine and powder cocaine for sentencing. Today, an individual sentenced in criminal history category IV for 196 grams of powder would face a

sentence of 41-51 months and after implementation of the amendments 33-41 months. Yet, Mr. Dull is faced with potentially a sentence two times that length. Mr. Dull respectfully requests this Court grant a variance in this case resulting in a sentence at parity with the guidelines for powder cocaine.

Further, the Court should grant the two level decrease today instead of the November 1, 2015 retroactive date for a practical reason: the Bureau of Prisons tends to leave RDAP to the end of a sentence. Granting the deviation today makes it is less likely there will be a future disruption of placement or services if Mr. Dull does not have to be transferred for re-sentencing.

Based on all of the factors set forth in this Sentencing, the following proposals are set forth:

1. A sentence of incarceration of 37 months.
2. RDAP.
3. Educational and vocational assistance.
4. Designation to FCI Memphis or Miami.

Respectfully submitted,

THOMAS JOHN DULL

By: */s/Douglas L. Payne*
DOUGLAS L. PAYNE
Attorney for Defendant, BPR # 013380
401 West Irish Street
Greeneville, Tennessee 37743
(423) 639-2220

<u>CERTIFICATE OF SERVICE</u>

I, Douglas L. Payne, do hereby certify that on September 15, 2014, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular email. Parties may access this filing through the Court's electronic filing system.

Zachary T. Lee
Assistant U.S. Attorney
180 West Main Street, Suite B19
Abingdon, VA 24210

Scott H. Belcher
Senior U.S. Probation Officer
Abingdon, VA
scott_belcher@vawp.uscourts.gov

                                            */s/Douglas L. Payne*
DOUGLAS L. PAYNE
Attorney at Law, BPR #013380
401 West Irish Street
Greeneville, Tennessee 37743
(423) 639-2220