# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v. )<br>)<br>THOMAS JOHN DULL, )<br>)<br>            Defendant. ) | Case No. 1:13CR00036-005<br><br>**OPINION**<br><br>By: James P. Jones<br>     United States District Judge |

*Zachary T. Lee*, Assistant United States Attorney, Abingdon, Virginia for United States; *Thomas John Dull*, Pro Se Defendant.

The defendant, Thomas John Dull, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, based on claims of ineffective assistance of counsel. The government filed a Motion to Dismiss. The time allotted for Dull's response has expired, making the matter ripe for disposition. After reviewing the record, I will grant the United States' Motion to Dismiss.

I.

Dull and twelve codefendants were charged in a multi-count Indictment. Dull was charged with conspiring to distribute and possessing with the intent to distribute 280 grams or more of cocaine base, and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and 841(b)(1)(C) ("Count One").

Dull pleaded guilty, pursuant to a written Plea Agreement, to a lesser-included offense of Count One. (Plea Agreement 1, ECF No. 273.) The Plea Agreement provided that the conspiracy involved at least 196 grams of cocaine base, resulting in a base offense level of 30 under the Sentencing Guidelines. (*Id.* at 3.)

At the guilty plea hearing, Dull affirmed that he had had an adequate opportunity to read and discuss the Plea Agreement with counsel before signing it. (Plea Hr'g Tr. 4-5, ECF No. 498.) Dull further affirmed that he was "fully satisfied with [his] lawyer's representation." (*Id.* at 5.) The prosecutor summarized the terms of the Plea Agreement. (*Id.* at 5-7.) Both the prosecutor and the court advised Dull that he faced a maximum statutory penalty of not more than twenty years' imprisonment. (*Id.* at 5, 8.) Dull affirmed his understanding that by pleading guilty, he gave up his right to appeal and to collaterally attack his sentence except on matters that cannot be waived under the law or that allege ineffective assistance of counsel. (*Id.* at 7-8.) Dull affirmed that no one had made any promises to him other than those contained in the Plea Agreement to cause him to plead guilty and that no one had threatened him or attempted to force him to plead guilty. (*Id.* at 8.) I found that Dull was fully competent and capable of entering an informed plea and that his guilty plea was knowingly and voluntarily made. (*Id.* at 13-14.)

The probation office prepared a Presentence Investigation Report ("PSR") in anticipation of sentencing. The PSR recommended a total offense level of 27[1] and a criminal history category of IV, resulting in a guideline imprisonment range of 100 to 125 months. (PSR ¶ 82, ECF No. 364.) I sentenced Dull to 92 months' imprisonment, taking into consideration the disparity in the applicable guideline ranges between convictions for distribution of cocaine base and cocaine powder. (Sentencing Tr. 11-12, ECF 499.) He did not appeal.

In his § 2255 motion, Dull alleges that counsel provided ineffective assistance by coercing him into accepting the Plea Agreement, refusing to object to the drug quantity set forth in the Plea Agreement and PSR, and advising him not to challenge the drug quantity. (§ 2255 Mot. 4, ECF No. 484.)

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Dull bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965).

---

[1] The Plea Agreement and PSR listed Dull's base offense level as 30, but the PSR recommended a three-point reduction for acceptance of responsibility.

The proper vehicle for a defendant to raise ineffective assistance of counsel claims is by filing a § 2255 motion. *United States v. Baptiste,* 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Gray v. Branker,* 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 690.

To satisfy the prejudice prong of *Stickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Dull's claims of ineffective assistance of counsel do not satisfy *Strickland's* stringent requirements. Accordingly, these claims will be dismissed.

Dull first argues that counsel coerced him into pleading guilty. This claim is directly contradicted by Dull's affirmations under oath during the Rule 11 colloquy that no one had threatened him or attempted to force him to plead guilty. (Plea Hr'g Tr. 8, ECF No. 498.) *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (holding that absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false'"). Accordingly, this claim is frivolous.

Next, Dull alleges that the Plea Agreement and the PSR overstated the drug weight attributable to him, but his counsel advised him against challenging it and stated that counsel "would take care of it." (§ 2255 Motion 4, ECF No. 484.) Dull claims that if the correct quantity of drugs had been attributed to him, his base offense level would have been lower, resulting in a reduced guideline range. This argument lacks merit.

Dull makes the bald assertion that the drug quantity was inaccurate but he provides no details or facts to support his claim. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359

- 5 -

Case 1:13-cr-00036-JPJ   Document 539   Filed 06/10/16   Page 5 of 7   Pageid#: 3155

(4th Cir. 2013) (citation omitted); *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing) *overruled on other grounds by Gray v. Netherland*, 518 U.S. 152, 165-66 (1996).

Dull also ignores the nature of a conspiracy when he argues that "his acts related to the charged offense did not involve the 196 grams of cocaine base as alleged in the presentence report and plea agreement." (§ 2255 Motion 4, ECF No. 484.) A defendant convicted of conspiracy may be held accountable for all drugs attributable to all members of the conspiracy. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999) (noting that "the district court may attribute to the defendant the total amount of drugs involved in the conspiracy, provided the drug quantities were reasonably foreseeable to the defendant and are within the scope of the conspiratorial agreement"); *United States v. Sesere*, 413 F. App'x 653, 659 (4th Cir. 2011) (unpublished). Accordingly, as long as the drug quantities were foreseeable to Dull, he can be held accountable not only for the drugs that he sold, but for those drugs sold by other members of the conspiracy. As a result, his focus on the amount of drugs that he alone sold, is misplaced.

Finally, counsel's decision not to challenge the drug quantity and his recommendation that Dull do the same, appear to be sound strategy choices. *See*

- 6 -

*Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (noting that "counsel has wide latitude in deciding how best to represent a client"). By pleading guilty to a lesser included offense, Dull avoided facing a mandatory minimum sentence of twenty years pursuant to 21 U.S.C. § 841(b)(1)(A); instead he was exposed to a maximum sentence of twenty years' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(C). Moreover, counsel argued that Dull's guidelines range should be 84 to 105 months, rather than 100 to 123 months, because of the proposed amendments by the United States Sentencing Commission to reduce drug guidelines by two levels. (Sentencing Mem. 2, ECF No. 354.) I considered these arguments when I sentenced Dull to 92 months, which was eight months less than the bottom of his applicable guidelines range. Therefore, Dull has not established that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687.

### III.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: June 10, 2016

/s/ James P. Jones
United States District Judge